UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAIRLY W. EARLS,

      Petitioner,

  v.                                 Case No. 20-cv-635-pp

LARRY FUCHS,

      Respondent.

---

**ORDER DISMISSING *CORAM NOBIS* PETITION AS SECOND OR SUCCESSIVE *HABEAS* PETITION (DKT. NO. 1) AND DISMISSING CASE**

---

On April 22, 2020, the petitioner, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a petition for writ of *coram nobis* under 28 U.S.C. §1651 challenging his 2012 conviction for ten counts of bail jumping. Dkt. No. 1. Three weeks later, the petitioner paid the $5.00 filing fee. Because the court lacks jurisdiction, it must dismiss the petition and the case.

**I.    Background**

    A.    Underlying State Case

In November 2005, the State of Wisconsin filed a criminal complaint against the petitioner in Fond du Lac County Circuit Court. State v. Earls, Fond du Lac County Case No. 05CF000419 (available at https://wcca.wicourts.gov). On August 7, 2012, a jury returned a verdict finding the petitioner guilty of ten counts of bail jumping. Id. Two months later,

1

the clerk entered judgment. Id. On December 26, 2013, the petitioner filed a notice of appeal. Id. The Wisconsin Court of Appeals affirmed the petitioner's convictions on November 19, 2014. Id. Four months later, the Wisconsin Supreme Court denied review. Id.

B.  Federal *Habeas* Petitions

1.  *Earls v. Dittman*, Case No. 15-cv-637-pp

On May 27, 2015, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging the bail jumping convictions in State v. Earls, Case No. 05CF000419. Earls v. Dittman, Case No. 15-cv-637 (E.D. Wis.), Dkt. No. 1. The petition asserted seventeen claims related to state contract law, actual innocence, ineffective assistance of counsel, state evidentiary rulings, double jeopardy and trial court error. Id. at 6-14. This court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases, denied the petition and dismissed the case. Dkt. No. 6. On March 7, 2019, the court denied the petitioner's motion to reconsider under Federal Rule of Civil Procedure 60(b). Dkt. No. 31.

The petitioner appealed to the Seventh Circuit Court of Appeals. Id. at Dkt. No. 32. On October 31, 2019, the Seventh Circuit denied a certificate of appealability. Id. at 38.

2.  *Earls v. Dittman*, Case No. 17-cv-1465-LA

Meanwhile, on October 25, 2017, the petitioner filed a "Successive Habeas Petition Based on Change In Substantive Law 'New Rule of Law' 28 U.S.C.S. §2244 28 U.S.C.S. §2254." Earls v. Dittman, Case No. 17-cv-1465

2

(E.D. Wis.), Dkt. No. 1. Magistrate Judge David Jones recommended that the court dismiss the petition and the case. Dkt. No. 4 at 5-6. Judge Jones found that 28 U.S.C. §2244(b) mandated dismissal because, contrary to the petitioner's argument, the second petition did not rely on a new rule of constitutional law; accordingly, Judge Jones concluded that the petitioner needed authorization from the Seventh Circuit before filing it. Id. at 3-4. Judge Jones saw no evidence that the Seventh Circuit had granted the petitioner that authorization. Id. at 4.

On November 27, 2017, the petitioner filed written objections to Judge Jones's report and recommendation. Dkt. No. 5. District Court Judge Lynn Adelman reviewed the report and recommendation *de novo,* adopted the recommendation and dismissed the case. Dkt. No. 6. Judge Adelman explained that

> [o]n May 27, 2015, Earls filed in this court a petition for a writ of habeas corpus challenging his conviction in Fond Du Lac County, Wisconsin, Case No. 2005 CF 419. On July 10, 2015, Judge Pamela Pepper of this court denied the petition on the merits. See ECF No. 6 in E.D. Wis. Case No. 15-C-637. The petitioner appealed the denial but was unsuccessful. In the present case, Earls again petitions for a writ of habeas corpus with respect to the same conviction. Because this court already adjudicated a habeas petition directed to that conviction on the merits, the current petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b). Claims presented in second or successive habeas petitions must be dismissed.

Id. at 1. Judge Adelman stressed that "even if an exception applie[d], the second or successive petition may not proceed in the district court unless the court of appeals first authorizes its filing." Id. at 1-2 (citing 28 U.S.C. §2244(b)(3)). Because the petitioner did not have such authorization, Judge

Adelman concluded that the court lacked jurisdiction over the petition. Id. at 2 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).

    C.    <u>Intant *Coram Nobis* Petition</u>

On April 22, 2020, the petitioner filed a document titled "Coram Nobis Motion to Correct Illegal Sentence 28 U.S.C. §1651" in this case. Earls v. Fuchs, Case No. 20-cv-635 (E.D. Wis.), Dkt. No. 1. The petitioner asserts that his sentence is illegal and "must be corrected to avoid an error of fundamental character and miscarriage of justice." Id. at 4. He states that his ten convictions for bail jumping "are of the Same Statutory Provisions and Same Elements being given as cumlative [sic] Punishment in a Single Proceeding and thereby an Illegal Sentence according to the Law." Id. He argues that his sentence violates Wisconsin statutes and his federal constitutional rights under the Sixth, Eighth and Fourteenth Amendments. Id. at 5-7.

**II.    Analysis**

    A.    <u>Legal Standards</u>

The writ of *coram nobis* "is an ancient common-law remedy" available for claims of legal and factual error in criminal cases. U.S. v. Wilkozek, 822 F.3d 364, 368 (7th Cir. 2016) (quotations omitted) (quoting United States v. Denedo, 556 U.S. 904, 913 (2009)). The authority of a federal court to grant *coram nobis* relief "is contingent on that court's subject-matter jurisdiction over the case or controversy." Denedo, 556 U.S. at 911. The Seventh Circuit has held that *coram nobis* relief is available when "(1) the error alleged is 'of the most fundamental character' as to render the criminal conviction 'invalid'; (2) there

4

are 'sound reasons' for the defendant's 'failure to seek earlier relief'; and (3) 'the defendant continues to suffer from his conviction even though he is out of custody.'" Id. (citing United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007); United States v. Keane, 852 F.2d 199 (7th Cir. 1988)). "[W]rits in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction." Owens, 235 F.3d at 360. A state prisoner still in custody must seek relief under 28 U.S.C. §2254; a state prisoner cannot bypass the statutory restrictions of §2254 by calling his pleading a petition of *coram nobis* under §1651. Id.

So, although the petitioner has called his 2020 pleading a "Coram Nobis Motion to Correct an Illegal Sentence," and has cited 28 U.S.C. §1651, the pleading really is another *habeas corpus* petition under 28 U.S.C. §2254—his third *habeas corpus* petition challenging the same conviction and sentence. In some instances, recharacterizing as a §2254 petition a pleading that a *pro se* petitioner has characterized as something else "can have serious consequences," because it can subject any subsequent motion to the "second or successive" requirements Judge Adelman discussed, and which this court discusses below. Castro v. United States, 540 U.S. 375, 377 (2003). For that reason, before a court recharacterizes as a *first* request for *habeas* relief a pleading that the *pro se* filer has characterized as something else, it first must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [*habeas*] motion will be subject to the restrictions on 'second or successive'

5

motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [*habeas*] claims he believes he has." Id. at 383.

Here, the court need not provide such a warning before recharacterizing the petitioner's 2020 pleading as a §2254 petition. This is not the petitioner's first *habeas* petition. It is his third. There is no danger that recharacterizing the "*coram nobis*" petition as a §2254 petition could subject any future petitions to the "second or successive" requirements that otherwise would not apply. Because the petitioner already has filed two prior *habeas* petitions, any future petition he files will be a successive petition, regardless of whether the court recharacterizes this one as a §2254 petition.

The court's usual practice is to "screen" a §2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, which states that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A district court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, a district court expresses no view as to the merits of any of the petitioner's claims. Rather, it reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

6

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") identifies certain petitions that the court need not screen. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). To enforce this provision, AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack

7

v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

B. Discussion

In Case No. 15-cv-637, this court denied on their merits the claims in the petitioner's first federal *habeas* petition challenging the 2012 bail jumping convictions. Earls v. Dittman, Case No. 15-cv-637 (E.D. Wis.), Dkt. No. 6. In Case No. 17-cv-1465, Judge Adelman dismissed the petitioner's second federal *habeas* petition challenging the 2012 bail jumping convictions as an unauthorized second petition. Earls v. Dittman, Case No. 17-cv-1465 (E.D. Wis.), Dkt. No. 6.

While the petitioner calls the current petition a petition for *coram nobis*, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Owens v. Boyd, 235 F.3d 356 7th Cir. 2000)). Because the petitioner is still in custody, §2254 is his exclusive remedy for relief from his state convictions. Owens, 235 F.3d at 360. That makes this petition a successive §2254 petition, which means that the petitioner needed authorization from the Seventh Circuit before he could file it. The petitioner has presented no evidence that he obtained permission from the Seventh Circuit to file this successive petition. The court lacks jurisdiction over the petition and must dismiss it.

8

The court notes that the petitioner filed several requests for updates and, in March 2021, a motion for a prompt hearing (Dkt. No. 8). This order moots those requests.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because it finds that reasonable jurists could not debate that the petition is a successive §2254 petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

### IV. Conclusion

The court **ORDERS** that the petitioner's motion for a prompt hearing is **DENIED AS MOOT**. Dkt. No. 8,

The court **ORDERS** that the petition for writ of *coram nobis* is **DISMISSED** as a successive §2254 petition. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

9

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
